1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8   Jim Apolinar,                              )        No. CV06-560-TUC-FRZ (JCG)
                                              )
9                  Plaintiff,                  )
                                              )        **REPORT**
10          vs.                               )        **& RECOMMENDATION**
                                              )
11   Peter J. Baum, et al.,                   )
                                              )
12                 Defendants.                )
    ——————————————————————                    )

13

14          Defendants[1] bring this motion to dismiss under Rule 12 of the Federal Rules

15   of Civil Procedure.  For reasons which follow, the Magistrate Judge recommends that

16   the District Court, after its independent review, GRANT Defendants' Motion to

17   Dismiss Plaintiff's Complaint.

18   **I.      PROCEDURAL BACKGROUND**

19          The present case involves an application for Supplemental Security Income

20   (SSI) benefits filed by Plaintiff on May 18, 2001.

21          *1.      CV 04-035-TUC-JMR*

22          On January 26, 2004, Plaintiff filed a complaint in district court asking for

23   review of the Commissioner's decision and alleging several civil rights violations.

24   (*Apolinar v. Barnhart*, D. Ariz. CV 04-0035-TUC-JMR, Doc. No. 1).  The Appeals

25

26          ————————————

          [1]  Pursuant to Fed.R.Civ.P. 25(d)(1), Michael B. Mukasey is substituted
27            for Alberto R. Gonzales.

28                                      Page 1 of  11

1  Council agreed to voluntarily remand the case for reconsideration of medical evidence
2  and Plaintiff's subjective complaints.  A proposed remand was mailed to Plaintiff,
3  who filed it, unsigned, moving to admit the proposed stipulation and accompanying
4  letter as evidence. (*Id.*, Doc. No. 36)  On July 14, 2004, United States District Court
5  Judge John M. Roll remanded the case for re-examination by the Social Security
6  Administration. (*Id.*)  District Judge Roll further found that the district court had no
7  jurisdiction to hear Plaintiff's alternative theories of relief under the Civil Rights Act
8  and Americans with Disabilities Act.  On August 8, 2004, Plaintiff filed a Notice of
9  Appeal to the U.S. Court of Appeals for the Ninth Circuit (9th Cir. No. 04-16558).

10     The Commissioner next moved for a remand in the 04-16558 Ninth Circuit
11  case.  On November 19, 2004, the Ninth Circuit issued an order in the 04-16558 case
12  notifying Plaintiff that his appeal would be dismissed if he failed to take certain
13  actions.  On June 21, 2005, the Ninth Circuit issued a decision affirming the district
14  court's July 14, 2004, remand order, further finding the questions raised on appeal so
15  insubstantial as to not require further argument.

16     *2.     CV 04-435-TUC-RCC*

17     On August 20, 2004, Plaintiff filed his second complaint in district court.
18  (*Apolinar v. Barhnart*, Dist. AZ., CV 04-435-TUC-RCC, Doc. No. 1).  The district
19  court dismissed the second complaint with leave to file an amended complaint
20  containing legally cognizable claims and legal causes of action not duplicating those
21  contained in Plaintiff's first complaint. (*Id.*, Doc. No. 6)  On October 26, 2004,
22  Plaintiff filed a Notice of Interlocutory Appeal, and three days later, on October 29,
23  Plaintiff filed an amended complaint. (*Id.*, Doc No. 15)  On November 3, 2004,
24  District Judge Collins filed an order advising Plaintiff that the Notice of Interlocutory
25  Appeal divested the court of jurisdiction, but Plaintiff continued filing pleadings until
26  on January, 21, 2005, District Judge Collins ordered Plaintiff's suit be dismissed. (Id.,

27

28                          Page 2 of  11

1    Doc. No. 24, 30)  Plaintiff filed yet another notice of Appeal to the Ninth Circuit on

2    March 22, 2005 (9th Cir. No. 05-15671).  On November 23, 2005, an order was

3    issued similar to the one in the 04-16558 Ninth Circuit case, finding the questions

4    raised on appeal so insubstantial as to not require further argument and summarily

5    affirming the district court's judgment.

6    **II.    DISCUSSION**

7         A.    <u>Lack of Subject Matter Jurisdiction - Specific Claims</u>

8         Defendants assert that the district court does not have subject matter

9    jurisdiction to hear Plaintiff's complaint.  Pursuant to Rule 12(b)(1) of the Federal

10   Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter

11   jurisdiction over a claim.  Fed. R. Civ. P. 12(b)(1).  When considering a motion to

12   dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such

13   as affidavits and testimony, to resolve factual disputes concerning the existence of

14   jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). *See, e.g.,*

15   *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1011 n.4 (1947) ("when a

16   question of the District Court's jurisdiction is raised ... the court may inquire by

17   affidavits or otherwise, into the facts as they exist.").

18        "Federal courts are not courts of general jurisdiction; they have only that power

19   that is authorized by Article III of the Constitution and the statutes enacted by

20   Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534,

21   541, 106 S.Ct. 1326, 1331 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137,

22   173-180, 2 L.Ed. 60 (1803).  "It is to be presumed that a cause lies outside this limited

23   jurisdiction, and the burden of establishing the contrary rests upon the party asserting

24   jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114

25   S.Ct. 1673, 1675 (1994) (*citations omitted*).

26        Plaintiff alleges as jurisdictional basis for his claims that the district court has

27

28                                    Page 3 of  11

1    "inherent judicial power and jurisdiction to grant Plaintiff immediate relief in the form

2    of a Declaratory Judgment and Injunctive Relief pursuant to Title 28 § 1331; § 1332

3    Paragraph (2), Title 28 § 1343 Civil Rights and Title 42 USCA 1985..."  (Doc. No.

4    1, at 9)  Plaintiff alleges that he has been wrongfully denied his Social Security

5    Disability Benefit checks, retroactive to April of 1986, in the amount of $1,500,000.

6         Judicial review under 42 U.S.C. § 405(g) is the sole avenue of judicial review

7    for recovery on any claim, including actions arising under 28 U.S.C. § 1331, for

8    disability payments arising under the Social Security Act.  *See* 42 U.S.C. § 405(h);

9    *See also Heckler v. Ringer*, 466 U.S. 602, 614-615 (1984).  The Supreme Court has

10   held that Section 405(h) clearly applies in a Social Security case where an individual

11   challenges the lawfulness of the agencies denial of a benefit, and the statute plainly

12   bars § 1331 review in such a case, "irrespective of whether the individual challenges

13   the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal

14   grounds." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).

15   Where the Social Security Act provides "both the standing and the substantive basis

16   for the presentation of [a plaintiff's] constitutional contentions", section 405(h)

17   precludes resort to federal-question jurisdiction for adjudication of a plaintiff's

18   constitutional contentions.  *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975).

19        Under section 405(g), judicial review is permitted only of a "final decision"

20   of the Commissioner of Social Security, made after a hearing to which the plaintiff

21   was a party.  42 U.S.C. § 405(g).  Plaintiff's allegations demonstrate that there has

22   been no final decision regarding his application for benefits, (Doc. No. 1, at 26), thus,

23   this Court has no jurisdiction to review Plaintiff's claims.

24        Additionally, Plaintiff was required to exhaust his administrative remedies

25   before seeking judicial review of a denial of his applications for disability insurance

26   benefits.  *See Hironymous*, 800 F.2d at 892.  He did not do so.  Plaintiff filed

27

28                              Page 4 of  11

applications for Title II and Title XVI benefits in May 2001. (Doc. No. 26, Declaration of Dennis Ford, ¶ 3(a) (Attached as Exhibit A)). After denials at all administrative levels, Plaintiff filed a civil action in the U.S. District Court for the District of Arizona on January 26, 2004. (*Id.*, ¶ 3(b)). On July 14, 2004, the court remanded Plaintiff's case for further administrative proceedings.  (Id., ¶ 3(c)). On August 24, 2004, the Appeals Council vacated the hearing decision and remanded the case to an ALJ for further proceedings. (Id., ¶ 3(d)). On June 8, 2005, an ALJ issued an unfavorable decision on Plaintiff's applications; Plaintiff filed exceptions. (Id., ¶ 3(e)). The Appeals Council assumed jurisdiction of Plaintiff's case and issued an order vacating the ALJ's decision and, in September 2005, remanded the case to an ALJ for further proceedings. (Id., ¶ 3(f)). On March 20, 2006, an ALJ issued an unfavorable decision and Plaintiff filed exceptions. (Id., ¶ 3(g)). The Appeals Council assumed jurisdiction of the case and, in July 2006, vacated the hearing decision and remanded the cases to an ALJ for further proceedings. (Id., ¶ 3(h)).

At the time Plaintiff filed his complaint that initiated the instant case, Plaintiff's case was pending in the Tucson, Arizona, hearing office. (Id., ¶ 3(I)). Because all ALJ decisions denying Plaintiff's applications had been vacated by the Appeals Council, there was no final decision of the Commissioner when Plaintiff filed his complaint (November 7, 2006).

Thus, as to all claims arising under the Social Security Act, section 405(h) precludes resort to federal-question jurisdiction for adjudication of a plaintiff's constitutional contentions, and, section 405(g) precludes review of those claims in this instance because there has been no "final decision" of the Commissioner, and Plaintiff has failed to exhaust his administrative remedies.

Plaintiff has alleged twenty counts in his Complaint.  Both the standing and the substantive basis for the presentation of all of Plaintiff's claims arise under the Social

1  Security Act, as all counts involve the acts of Defendants in wrongfully denying
2  Plaintiff his benefits.  Thus, this Court cannot exercise subject matter jurisdiction of
3  Plaintiff's claims because Plaintiff has failed to exhaust his administrative remedies.

4      Additionally, the Supreme Court has held that no action may lie for the
5  unconstitutional denial of benefits in the form of a *Bivens*[2] action, holding that money
6  damages may not be recovered from federal official responsible for allegedly
7  unconstitutional conduct leading to a denial of Social Security benefits.  *Schweiker*
8  *v. Chilicky*, 487 U.S. 4112, 423-24 (1988) ("When the design of a Government
9  program suggests that Congress has provided what it considers adequate remedial
10 mechanisms for constitutional violations that may occur in the course of its
11 administration, we have not created additional *Bivens* remedies.");  *Butler v. Apfel*, 144
12 F.3d 622, 624 (1998).

13     Furthermore, Defendant ALJ Baum, as a federal hearing officer, is entitled to
14 absolute judicial immunity for alleged unconstitutional violations under *Bivens*.  *See*
15 *Cleavinger v. Saxner*, 474 U.S. 193 (1985).  Defendants Commissioner Barnhart and
16 Attorney General Mukasey are protected by qualified immunity, as they are clearly
17 named in their supervisory capacity only, and there is no *respondeat superior* liability
18 under *Bivens*.  *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991)(citations omitted).

19     As to claims filed pursuant to 42 U.S.C. § 1983, because the named Defendants
20 are federal officers, these claims are not appropriately filed under 42 U.S.C. § 1983,
21 which requires defendants to be state actors.  Because Defendants were acting under
22 color of federal law, these claim will instead be construed as filed pursuant to *Bivens*.
23 *See Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1473 (9th Cir. 1991) (court
24 may ignore plaintiff's initial mischaracterization of action against federal officers as

25

26 _____

27     [2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of*
        *Narcotics*, 403 U.S. 388 (1971).

28                          Page 6 of  11

a Section 1983 action and, instead, treat the complaint as made under *Bivens*) *rev'd on other grounds*, 508 U.S. 429 (1993). For the reasons stated above, the Court lacks subject matter jurisdiction over these claims.

As to any claims arising under the Federal Torts Claims Act, Plaintiff has not filed an administrative tort claim prior to filing his complaint, (See. Doc. No. 26, Ex. B., Declaration of Jon Carlo), and thus this Court lacks subject matter jurisdiction over these unexhausted claims. *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 742- 43 (9th Cir.1991).

Plaintiff asserts jurisdiction under the doctrine of res judicata. *See* Doc. No. 1, at 2. As correctly noted by Defendants, *res judicata* is a legal doctrine employed to determine whether an issue has been previously decided by a court. It is not a basis for subject matter jurisdiction. Neither do Plaintiff's references to declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 1331 and 1332, nor the declaratory judgment statute, found at 28 U.S.C. § 2201, confer subject matter jurisdiction in a federal court. *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1288 (1996).

Accordingly, the Magistrate Judge recommends that the District Court dismiss this action for lack of subject matter jurisdiction over any of Plaintiff's stated claims.

B.    Lack of Subject Matter Jurisdiction - Generally

Defendants assert that a district court may sua sponte dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "totally impalusible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Citing Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

While it is true that pro se complaints, like Plaintiff's, are to be held to a "less stringent standard" than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519,

1   520 (1972), even *pro se* complaints "must state a claim upon which relief can be

2   granted by the court." *Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (citing

3   *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981).   The right of

4   self-representation is not a license excusing compliance with relevant rules of

5   procedural and substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

6   However, even though pro se pleadings are to be liberally construed, conclusory and

7   vague allegations will not support a cause of action. *Ivey v. Board of Regents of the*

8   *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

9       Where a plaintiff has paid filing fees and his complaint states jurisdictional

10  facts, the court may not sua sponte dismiss such an action, however, a paid complaint

11  that is "obviously frivolous" does not confer federal subject matter jurisdiction and

12  may be dismissed.  *See Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)

13  (citations omitted).  Furthermore, a court may dismiss as frivolous complaints reciting

14  bare legal conclusions with no suggestion of supporting facts, or postulating events

15  and circumstances of a wholly fanciful kind, or a complaint which conflicts with facts

16  of which the district court may take judicial notice.  *Id.*, 745 F.2d at 1228, *citing*

17  *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976).

18      A district court can also dismiss a complaint if it is malicious in nature, *Phillips*

19  *v. Carey*, 638 F.2d 207 (10th Cir. 1981), or if it is plainly abusive of the judicial

20  process or merely repeats pending or previously litigated claims. *Id.*; *Van Meter v.*

21  *Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.

22  1972).  A malicious complaint is one which contains allegations the plaintiff knows

23  to be false, is part of a longstanding pattern of abusive and repetitive lawsuits, or

24  contains disrespectful or abusive language. *See In re Tyler*, 839 F.2d 1290, 1293 (8th

25  Cir. 1988); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C.Cir. 1981).

26      The complaint is patently frivolous and malicious. *See, e.g.*, *Neitzke v.*

27

28                        Page 8 of  11

1  *Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (a

2  complaint is frivolous and malicious when (1) it is based upon "an indisputably

3  meritless legal theory," or (2) the claim is based upon "factual contentions [that] are

4  clearly baseless"[3]).  The complaint contains no plausible subject matter jurisdictional

5  claim.  This action and its nonsensical allegations should be dismissed pursuant to

6  Rule 12(b)(1) of the Federal Rules of Civil Procedure.

7       C.    Failure to State a Claim

8       Plaintiff's Complaint is unintelligible and fails to present a short and plain

9  statement of his various civil rights claims as required by Fed. R. Civ. P. 8(a).

10  *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996); *Hatch v. Reliance Ins. Co.*, 758 F.2d

11  409 (9th Cir. 1985).  Plaintiff therefore fails to state a claim under Rule 12(b)(6).

12       In general, leave to amend is only denied if it is clear that amendment would

13  be futile and "that the deficiencies of the complaint could not be cured by

14  amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting

15  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam));

16  see Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (citing *Foman v. Davis*, 371

17  U.S. 178, 182 (1962)) (futility is basis for denying amendment under Rule 15).

18       The plaintiff was placed on notice of the subject matter jurisdiction problem

19  by the motion to dismiss. That motion explicitly asserted that dismissal was required

20  because this court lacked subject matter jurisdiction. Despite such notice, Plaintiff has

21  neither responded to the motion, nor tried to cure the problem with amendment.

22       Furthermore, it is apparent that the jurisdictional deficiencies could not be

23  _____

24       [3]
     Despite the fact that this is a "paid" complaint and *Neitzke* dealt with
25  leave to proceed in forma pauperis, reliance upon *Neitzke* is appropriate
     since that case defines the parameters of a complaint which is frivolous
26  and malicious.

27

28                           Page 9 of  11

1  cured by amendment.

2      Although the exhaustion requirement of section 405(h) could be waived, the

3  Ninth Circuit has identified three prerequisites for waiver of the exhaustion

4  requirement: "The claim must be (1) collateral to a substantive claim of entitlement

5  (collaterality), (2) colorable in its showing that denial of relief will cause irreparable

6  harm (irreparability), and (3) one whose resolution would not serve the purposes of

7  exhaustion (futility)." *Kaiser v. Blue Cross of California,* 347 F.3d 1107, 1115 (9th

8  Cir. 2003) (*quoting Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir.1993)).

9      Plaintiff's claims are not collateral to his substantive claim of entitlement, as

10  his claim is essentially one for benefits. *Johnson*, 2 F.3d at 921 (a claim is collateral

11  if it is essentially one for benefits.)  Plaintiff also does not meet the irreparability

12  requirement for waiver, as he does not show that exhaustion would cause him

13  irreparable injury. *Id*. at 922.  Nor has he demonstrated that resolution of his claim

14  would not serve the purposes of exhaustion.

15      Because the Plaintiff has not exhausted available administrative review, the

16  district court lacks jurisdiction to consider these claims, and amendment of the

17  complaint could not cure this deficiency.

18      To the extent Plaintiff's claims are not barred under section 405(h), Plaintiff

19  has not identified a valid basis for suing the government that avoids the jurisdictional

20  bar of sovereign immunity, and no amendment can cure this deficiency.

21      Because the Magistrate Judge finds that the Court lacks subject matter

22  jurisdiction over this action, the Magistrate Judge does not reach Defendant's

23  contention that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(2)(4) and

24  (5) for failure to timely effect service as required by Fed.R.Civ.P. 4(m).

25  **III.   RECOMMENDATION**

26      This Court recommends that the District Judge, after its independent review,

28

1   **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint.  (Doc. No. 26).

2        Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

3   within ten days after being served with a copy of this Report and Recommendation.

4   A party may respond to another party's objections within ten days after being served

5   with a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed, the parties should

6   use the following case number: **CV 06-560-TUC-FRZ.**

7        If objections are not timely filed, then the parties' right to *de novo* review by

8   the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328

9   F.3d 1114, 1121 (9th Cir.) (*en banc*).

10                                   <u>**NOTICE**</u>

11        Plaintiff is further notified that, pursuant to Rule 12(f) of the Federal Rules of

12   Civil Procedure, this Court has inherent authority to strike from any pleading any

13   redundant, immaterial, impertinent or scandalous matter.  The Court will, without

14   further warning to Plaintiff, strike any documents which contain further descriptions,

15   such as those noted in the Motion to Dismiss, p.6, that unnecessarily or irrelevantly

16   reflect on the moral character of an individual, do not contribute to the substantive

17   claims, or state anything in repulsive language that detracts from the dignity of the

18   court.

19        DATED this 4th day of June, 2008.

20

21

22   _____
                 Bernardo P. Velasco
23           United States Magistrate Judge

24

25

26

27

28                              Page 11 of  11